In the Matter of a Contempt of Court citation against J. Tony SERRA, Attorney for Defendant (Appellant) in Criminal Action.

### U. S. A.
### v.
### Alistair HONEYMAN, DC No. 72-781-RHS.
### No. 73-2021.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1973.

Dean John Pasvankias, (argued), J. Tony Serra, of Serra, Perelson & Metcalf, San Francisco, Cal., for appellant.

John C. Emerson, Sp. Atty. (argued) James L. Browning, Jr., U. S. Atty., Edward J. Brzytwa, Sp. Atty., San Francisco, Cal., for appellee.

## OPINION

Before WRIGHT and CHOY, Circuit Judges, and SMITH, District Judge.*

PER CURIAM:

Attorney J. Tony Serra, defense counsel in the trial of a criminal cause in the district court, was found in contempt of an order of that court[1] and fined $1,000. On Serra's appeal, we affirm.

In anticipation that the defendant in the criminal case might assert an insanity defense with supporting medical testimony, the government requested reciprocal discovery seeking "scientific or medical reports * * * which the defendant intends to produce at the trial and which are within the defendant's possession, custody or control."

In granting the government's motion under F.R.Crim.P. 16(c), the district court ordered that reciprocal discovery be granted. Attorney Serra retained Dr. Hoffman as an expert to examine the defendant Honeyman but directed him to make no written report. When the doctor was called as a witness, he testified that his normal procedure, after making psychiatric examinations in criminal cases, was to prepare written reports, and he would have done so in this case had he not been instructed to the contrary by Mr. Serra.

Before the court was an affidavit of government counsel, not countered, to whom Serra had said that he had instructed Dr. Hoffman to write no report and that this was good trial practice to avoid reciprocal discovery.

---

* Honorable Russell E. Smith, District of Montana.

1. 18 U.S.C. § 401 provides:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as. . . .

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

The district judge considered counsel's act a clear and deliberate attempt to frustrate the court's order and cited Serra for contempt. We agree with the district judge that counsel's conduct was deliberate, that he knew and understood the order, and that his excuse was contrived.[2]

The order and judgment of contempt are affirmed and the mandate will issue at once.

2. We have also considered Mr. Serra's conduct in light of ethical standards which govern the legal profession. Canon 7 of the Code of Professional Responsibility of the American Bar Association deals with the duty of a lawyer to represent his client zealously within the bounds of the law. Certain ethical considerations are appended.

Ethical Consideration 7–22: "Respect for judicial rulings is essential to the proper administration of justice; however, a litigant or his lawyer may, in good faith and within the framework of the law, take steps to test the correctness of a ruling of a tribunal."

Ethical Consideration 7–27: "Because it interferes with the proper administration of justice, a lawyer should not suppress evidence that he or his client has a legal obligation to reveal or produce. . . ."

The American Bar Association Standards Relating to The Prosecution Function and The Defense Function provide these guidelines:

§ 7.1(d) The lawyer should *comply promptly with all orders and directives of the court,* but he has a duty to have the record reflect adverse rulings or judicial conduct which he considers prejudicial to his client's legitimate interests. He has a right to make respectful requests for reconsideration of adverse rulings. (Emphasis supplied.)